UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LASHIFY, INC., *Plaintiff* v. QING DAO GUANG LI YONG XIN COMPANY LIMITED a/k/a LILI BEAUTY LIMITED d/b/a VAVALASH a/k/a YOUNGLEX BEAUTY d/b/a VAVA BEAUTY and d/b/a WOSHEER, *Defendant* | **25-cv-8082 (PAE)** **PRELIMINARY INJUNCTION ORDER** |

# GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or Lashify** | Lashify, Inc. |
| **Defendant** | Qing Dao Guang Li Yong Xin Company Limited a/k/a Lili Beauty Limited d/b/a Vavalash a/k/a Younglex Beauty d/b/a Vava Beauty and d/b/a Wosheer |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendant, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **TikTok** | TikTok, incorporated in the Cayman Islands and owned by parent company, ByteDance, based in Beijing, is a social media and social e-commerce platform |
| **TikTok Shop** | A shopping platform within the TikTok app that allows manufacturers and other third-party merchants, like Defendant, to advertise, distribute, offer for sale and sell retail products through in-app purchases on TikTok, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Defendant's Websites (as defined *infra*), Defendant's User Accounts (as defined *infra*), Defendant's Merchant Storefronts (as defined *infra*) and Defendant's Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery |
| **Lotti Dec.** | Declaration of Sahara Lotti in Support of Plaintiff's Application |
| **Turitto Dec.** | Declaration of Michael Turitto in Support of Plaintiff's Application |
| **Lashify System** | Do-It-Yourself ("DIY") artificial lash extension system as claimed by the Lashify Patents and including the Lashify Design Patent where applicable |
| **Gossamer® Lashes** | Lashify's branded artificial lash extensions that are designed to be applied to the underside of a user's natural lashes, and which were invented by Sahara Lotti and practice the Lashify Patents and the Lashify Design Patent |
| **Control Kit®** | Kit sold by Lashify which includes Gossamer® Lashes, a patented wand for fusing the Gossamer® Lashes to the underside of a user's natural lashes, a bond for securing the Gossamer® Lashes to the |

i

| | underside of a user's natural lashes, a sealer for providing protection to the Gossamer® Lashes, and a luxury case |
|---|---|
| **Lashify Website** | https://www.lashify.com/ |
| **Lashify Amazon Storefront** | https://www.amazon.com/lashify/s?k=lashify |
| **Lashify Social Media** | Facebook https://www.facebook.com/lashify/<br>Instagram https://instagram.com/lashify<br>YouTube https://www.youtube.com/@Lashify and<br>TikTok https://www.tiktok.com/@lashify |
| **Lashify Patents** | U.S. Patent No. 11,253,020 ("'020 Patent"), and U.S. Patent No. 12,171,290 ("'290 Patent"), each entitled Artificial Lash Extensions |
| **Lashify Design Patent** | U.S. Design Patent No. D1,009,374 ("'374 Patent") entitled Artificial Lash Extension. |
| **Starburst® Gossamer Lash** | Lashify's branded artificial lash extensions that practice the claimed invention of the Lashify Design Patent |
| **Stardust® Gossamer Lash** | Lashify's branded artificial lash extensions that practice the claimed invention of the Lashify Design Patent |
| **Infringing Products** | Lash clusters and kits that include lash extensions designed to be applied to the underside of natural lashes that infringe at least claim 1 of the Lashify Patents |
| **Infringing Design Products** | Lash extensions designed to be applied to the underside of natural lashes that infringe the claim of the Lashify Design Patent |
| **Infringing Listings** | Defendant's listings for Infringing Products and Infringing Design Products |
| **Defendant's Websites** | https://vavalashclusters.com/, https://vavabeautystore.com and https://wosheer.com/ |
| **User Accounts** | Any and all websites owned and/or operated by Defendant (including, without limitation, Defendant's Websites), any and all social media accounts through which Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant, advertises, promotes, offers for sale and/or sells Infringing Products and/ or Infringing Design Products including, without limitation: Instagram (https://www.instagram.com/vavalashclusters), (www.instagram.com/vavabeauty_official), Facebook (https://www.facebook.com/vavalashclusters), and TikTok (https://www.tiktok.com/@vavabeautyofficial) and (https://www.tiktok.com/@vavalash_cluster) and TikTok Shop Vavabeauty store, see for example (https://vt.tiktok.com/ZTj2yJG5f/?page=TikTokShop) and (https://www.tiktok.com/shop/pdp/lash-kit-by-vavalash-diy-cluster-lashes-waterproof-bond-seal/1729566387990074008)<br>held and/or operated by Defendant, and any and all accounts with online marketplace platforms such as Amazon and TikTok Shop, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendant, |

|  | its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant |
|---|---|
| **Merchant Storefronts** | Any and all User Accounts through which Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant operates storefronts or social commerce pages to manufacture, import, export, advertise, market, promote, distribute, display, make, use, offer for sale, sell and/or otherwise deal in Infringing Products and/or Infringing Design Products, which are held by or associated with Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant |
| **Defendant's Assets** | Any and all money, securities or other property or assets of Defendant (whether said assets are located in the U.S. or abroad) |
| **Defendant's Financial Accounts** | Any and all financial accounts associated with or utilized by Defendant or Defendant's User Accounts, Defendant's Websites or Merchant Storefronts (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal" and/or "Venmo"), Payoneer Inc. ("Payoneer"), Amazon payment services (e.g., Amazon Pay), PingPong Global Solutions, Inc. ("PingPong"), TikTok Shop Payment services ("TikTok Pay"), Meta Payments, Inc. ("MetaPay"), Alphabet, Inc. aka Google, LLC ("Google Pay"), Razorpay Software Private Limited, ("Razorpay"), Ayden N.V. ("Ayden"), and Stripe, Inc. ("Stripe") |

Based on the findings of fact and conclusions of law stated on the record by the Court in its bench ruling at the show-cause hearing today (October 27, 2025), the Court hereby orders the following:

1. The injunctive relief previously granted in the TRO of September 30, 2025 shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 283 of the Patent Act.

    a) Accordingly, Defendant, its respective officers, employees, agents, servants and all persons in active concert or participation with Defendant, are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

        i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, making, using, offering for sale, selling Infringing Products and Infringing Design Products, or any other products that are more than colorably different from the Infringing Products or are not more colorably different from the Infringing Design products and which Infringe at least claim 1 of the Lashify Patents and the claim of the Lashify Design Patent;

        ii. operation of Defendant's Websites, User Accounts and Defendant's Merchant Storefronts, including, without limitation, continued operation of Defendant's Websites, User Accounts and Merchant Storefronts in violation of this Order;

        iii. directly or indirectly infringing in any manner claim 1, and claims that depend therefrom of Plaintiff's Lashify Patents and the claim of the Lashify Design Patent;

        iv. making, using, selling, importing and/or offering to sell products that infringe

    claim 1 and claims that depend therefrom of the Lashify Patents and the claim of the Lashify Design Patent, and products that are not more colorably different than the Infringing Products and the Infringing Design Products;

 v. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Infringing Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendant's Websites, User Accounts, Merchant Storefronts or Defendant's Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, making, using offering for sale and/or sale of Infringing Products and Infringing Design Products and products that are not more than colorably different than the Infringing Products and Infringing Design Products;

 vi. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, website, User Account, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, making, using, offering for sale and/or sale of Infringing Products and Infringing Design Products and products that are not more than colorably different than the Infringing Products and Infringing Design Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

 vii. linking, transferring, selling and/or operating Defendant's Websites;

 viii. using Defendant's User Accounts and/or any other accounts or storefronts on social media platforms including but not limited to Facebook, Instagram,

TikTok and/or YouTube to advertise, promote, offer for sale and/or sell Infringing Products and/or Infringing Design Products and products that are not more than colorably different than the Infringing Products and Infringing Design Products; and

ix. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(a)(i) through I(a)(viii) above and I(b)(i) and I(c)(i) below.

b) Accordingly, Defendant and all persons in active concert and participation with Defendant who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendant's Assets from or to Defendant's Financial Accounts until further ordered by this Court; and

ii. instructing, aiding, or abetting Defendant and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs I(a)(i) through I(a)(viii) and I(b)(i) above and I(c)(i) below, including, without limitation, by providing services necessary for Defendant to continue operating Defendant's Websites, User Accounts and Merchant Storefronts in violation of this Order and/or providing services to third parties making, using, selling, importing and/or offering to sell Infringing Products and Infringing Design

3

Products and products that are not more than colorably different than the Infringing Products and Infringing Design Products in violation of this Order.

c) Accordingly, Defendant and all persons in active concert and participation with Defendant who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements are restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

  i. operation of Defendant's Websites, User Accounts and Defendant's Merchant Storefronts, including, without limitation, continued operation of Defendant's Websites, User Accounts and Merchant Storefronts in violation of this Order; and

  ii. instructing, aiding, or abetting Defendant and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs I(a)(i) through I(a)(viii), I(b)(i) and I(c)(i) above, including, without limitation, by providing services necessary for Defendant to continue operating Defendant's Websites, User Accounts and Merchant Storefronts in violation of this Order and/or providing services to third parties making, using, selling, importing and/or offering to sell Infringing products and Infringing Design Products and products that are not more than colorably different than the Infringing Design Products and products that are not more than colorably different than the Infringing Products and Infringing Design Products in violation of this Order.

4

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) within five (5) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendant's Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendant, Defendant's Websites, User Accounts, and Defendant's Merchant Storefronts, contact information for Defendant (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendant's Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendant who is served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

   b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendant who is served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

   c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions

who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control, relating to any and all of Defendant's Financial Accounts, including, but not limited to, documents and records relating to:

    i. account numbers;

    ii. current account balances;

    iii. any and all identifying information for Defendant, Defendant's Websites, Defendant's User Accounts and Defendant's Merchant Storefronts, including, but not limited to, names, addresses and contact information;

    iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendant's Financial Accounts;

    v. any and all deposits and withdrawal during the previous year from each and every one of Defendant's Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

    vi. any and all wire transfers into each and every of Defendant's Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its

possession, custody or control (whether located in the U.S. or abroad) relating to Defendant's Websites, Defendant's User Accounts and Defendant's Merchant Storefronts, including, but not limited to, documents and records relating to:

   i. any and all User Accounts and Defendant's Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all Defendant's Websites, User Accounts and Defendant's Merchant Storefronts that Defendant has ever had and/or currently maintains with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C) of the TRO;

   ii. the identity, location and contact information, including any and all e-mail addresses of Defendant that were not previously provided pursuant to Paragraph V(C) of the TRO; and

   iii. the nature of Defendant's business and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendant's Websites, Defendant's User Accounts and Defendant's Merchant Storefronts, a full accounting of Defendant's sales history and listing history under such accounts and Defendant's Financial Accounts with any and all Financial Institutions associated with Defendant's Websites, User Accounts and Defendant's Merchant Storefronts.

4. As sufficient cause has been shown, pursuant to Fed. R. Civ. P. 4(f)(3), service may be made on, and shall be deemed effective as to Defendant if it is completed by the following means:

7

a) delivery of a copy of this Order via Federal Express to Defendant's business addresses, G/F Fuk Wah Building, 137-139 Kwong Fuk Road, Tai Po NT, Hong Kong and/or RM1002, 10/F Easy Comm Building, 253-261 Hennessy Road, Wan Chai Hong Kong; and

b) delivery of: (i) a PDF copy of this Order and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where Defendant will be able to download a PDF copy of this Order to Defendant's e-mail addresses, contact@vavabeautystore.com and contact@vavalashclusters.com, and any additional email address(es) to be determined as identified by the Third Party Service Providers pursuant to Paragraph V(C) of the TRO or may otherwise be determined.

5. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

   a) delivery of: (i) a true and correct copy of this Order via Federal Express to Amazon.com, Inc. at Corporation Service Company 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501, (ii) a PDF copy of this Order or (iii) a link to a secure website where Amazon.com, Inc. and Amazon Pay will be able to download a PDF copy of this Order via electronic mail to tro-notices@amazon.com and ostephmu@amazon.com;

   b) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal

8

Legal Specialist at EEOMALegalSpecialist@paypal.com;

c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to thirdpartyrequests@payoneer.com;

d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to trorequest@pingpongx.com;

e) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Venmo will be able to download a PDF copy of this Order via electronic mail to businesssupport@venmo.com and infringementreport@paypal.com;

f) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where RazorPay will be able to download a PDF copy of this Order via electronic mail to disclosures@razorpay.com and contact@razorpay.com;

g) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Stripe will be able to download a PDF copy of this Order via electronic mail to notices@stripe.com;

h) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Google Pay will be able to download a PDF copy of this Order via electronic mail to legal-support@google.com;

i) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Ayden will be able to download a PDF copy of this Order via electronic mail to ussubpoenas@adyen.com;

j) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where

       Alibaba Cloud will be able to download a PDF copy of this Order via electronic mail to DomainAbuse@service.aliyun.com;

k) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Shopify will be able to download a PDF copy of this Order via electronic mail to legal@shopify.com;

l) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where TikTok will be able to download a PDF copy of this Order via electronic mail to john.green@bytedance.com and e-commerce.ipnotice@tiktok.com;

m) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Facebook will be able to download a PDF copy of this Order via electronic mail to ip@facebook.com and legal@meta.com;

n) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where YouTube will be able to download a PDF copy of this Order via electronic mail to legal@support.youtube.com; and

o) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Instagram will be able to download a PDF copy of this Order via electronic mail to support@instagram.com and ip@instagram.com.

6. Defendant is hereby given notice that it may be deemed to have actual notice of the terms of this Order and any act by it or anyone of it in violation of this Order may be considered and prosecuted as in contempt of this Court.

7. The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

8. This Order shall remain in effect during the pendency of this action, or until further order

10

of the Court.

9. Defendant may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

Date: October 27, 2025
      New York, New York

                                                  *Paul A. Engelmayer*
                                          HON. PAUL A. ENGELMAYER
                                          UNITED STATES DISTRICT JUDGE